**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | |
|---|---|
| JAMIE E. STOUDEMIRE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:09-2485-CMC -JRM |
| ) | |
| v. ) | |
| ) | |
| BRANCH BANKING & TRUST ) | |
| BANKCARD CORPORATION, ) | |
| BRANCH BANKING & TRUST, ) | |
| J. WILLIAM RAY, ) | |
| ) | |
| Defendants ) | **REPORT AND RECOMMENDATION** |
| J. WILLIAM RAY, ) | |
| ) | |
| Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BRIAN L. BOGER, ) | |
| ) | |
| Third Party Defendant) | |
| _____) | |

Plaintiff, Jamie E. Stoudemire ("Stoudemire"), filed this case on September 22, 2009. He alleges that the Defendants, Branch Banking & Trust Bankcard Corporation and Branch Banking and Trust (collectively "BB&T") violated the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666, and

breached a contract between him and BB&T. Stoudemire also alleges that J. William Ray ("Ray") violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.*

Ray is an attorney, admitted to practice in this Court, who acted as a collection attorney for BB&T. He filed an "Answer, Counterclaim and Third Party Complaint" on October 30, 2009.[1] The counterclaim alleges abuse of process on the part of Stoudemire and his attorney, Brian L. Boger ("Boger"). The third party complaint alleges champerty on the part of Boger. The motions pending before the court arise from Ray's counterclaim and third party complaint.

### 1. Boger's Motion to Set Aside Default

Ray filed his "Answer, Counterclaim and Third Party Complaint on October 30, 2009. Boger, through separate counsel, filed an "Answer of Third-Party Defendant" on November 24, 2009. However, no timely response was filed on behalf of Stoudemire with respect to the counterclaim for abuse of process. Ray filed an affidavit of default on December 4, 2009. Stoudemire filed a "Motion to Set Aside Default" on December 8, 2009, together with his "Answer to Counterclaim." Ray filed a "Response to Plaintiff's Rule 55(c) Motion" on December 24, 2009. Stoudemire filed a "Memorandum in Support of Plaintiff's Motion to Set Aside Default" on January 4, 2010. Ray filed a "Reply to Plaintiff's Response to Motion" on January 13, 2010.

Default judgment is generally disfavored because resolution on the merits is preferred to judgment on procedural grounds. Tazco, Inc. v. Dir., OWPC, 895 F.2d 949, 950 (4th Cir. 1990). Rule 55(c), governing default judgment, is to be liberally construed in order to provide relief from the extreme consequences of default. Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969). The decision

---

[1]This case was automatically referred to the undersigned for pretrial purposes pursuant to Local Rule 73.02(B)(2)(e) because Ray is proceedings *pro se*.

to set aside default is in the wide discretion of the court. Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir. 1967).

Rule 55(c) provides that "(t)he court may set aside entry of default for good cause..." The Fourth Circuit has established six factors for district courts to consider when determining whether "good cause" exists to vacate a default judgment: (1) whether the moving party has a meritorious defense; (2) whether it acts with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) the prejudice to the non-defaulting party; (5) whether there is a history of dilatory action; and (6) the availability of less drastic sanctions. Payne, ex. rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-205 (4th Cir. 2006).

As discussed below, Stoudemire has a meritorious defense to the abuse of process claim. Ray has not alleged any facts that would prove the essential elements of the claim. Boger filed the motion to set aside default and an answer four days after Ray filed his affidavit of default. Therefore, Plaintiff acted with reasonable promptness. There is nothing in the record to support a conclusion that Stoudemire was personally responsible for the default. Boger concedes that he, not Stoudemire, was confused as to whether the abuse of process claim was alleged against him or Stoudemire. A "blameless party [should] not be disadvantaged by the error or neglect of his attorney." United States v. Moradi, 673 F.2d 725, 728 (4th Cir. 1982). Ray has not shown that he has been prejudiced by the short delay in the filing of Stoudemire's answer. Nor is there any indication that less drastic sanctions are available.

The memoranda contain arguments that both Ray, Boger and Stoudemire have been dilatory. Ray asserts that Boger has not responded as required and that Stoudemire ignored collection efforts prior to the institution of this action. Boger asserts that Ray has avoided service of process in this

case. There are no affidavits in the record to be used to sort through these confusing arguments. Therefore, the undersigned cannot find that Stoudemire has been dilatory with respect to this action.

The undersigned finds that weighing the Payne factors favors a finding of "good cause" and setting aside default.

**2. Boger's Motion to Dismiss**

Boger, represented by separate counsel, filed a motion to dismiss the claims asserted against him by Ray, i.e., abuse of process and champerty, on November 24, 2009. Boger asserts that he is entitled to dismissal of the claims pursuant to Rule 12(b)(6), Fed.R.Civ.P. Ray filed a response on December 14, 2009.

Generally, a Rule 12(b)(6) motion to dismiss should be filed before a responsive pleading is filed. After the close of pleading, a Rule 12(c) motion (or a Rule 56 motion for summary judgment) is used to test the sufficiency of the complaint. In this case, Boger filed an answer on October 30, 2009, followed by his motion to dismiss on November 24, 2009. However, the timing and sequence of these filings is not fatal to his motion. "(A) motion to dismiss for failure to state a claim...that is styled as arising under Rule 12(b) but is filed after the close of pleading, should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c)." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). *See also* Shooting Point, L.L.C. v. Cumming, 238 F.Supp.2d 729, 735 (E.D.Va. 2002) ("Because the standards for a Rule 12(c) motion for judgment on the pleadings and a Rule 12(b)(6) motion to dismiss are "identical," it does not make any difference, "as a practical matter, whether [a] court consider a motion as brought under Rule 12(b)(6) or 12(c).").

The purpose of a motion for judgment on the pleadings is to test the sufficiency of the complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir.1999). The United States Supreme Court recently stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.' " Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

  a. Abuse of Process

There are two essential elements to maintain a claim of abuse of process under South Carolina law: (1) an ulterior purpose; and (2) a wilful act in the use of process not propr in the conduct of the proceeding. Food Lion, Inc. v. United Food & Commercial Workers International Union, 351 S.C. 65, 71, 567 S.E.2d 251 (Ct.App. 2002). "An ulterior purpose exists if the process is used to gain an objective not legitimate in the use of process." *Id.* (citing First Union Mortgage Corp. v. Thomas, 317 S.C. 63, 74, 451 S.E.2d 907 (Ct.App. 1994). A wilful act in this context has

5

been defined as "some definite act...not authorized by the process or aimed at an object not legitimate in the use of the process." Hainer v. Am.Med.Int'l, Inc., 328 S.C. 128, 136, 492 S.E. 2d 103 (1997). "The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding." *Id.* In any event, "there is no liability when the process has been carried to its authorized conclusion, even though with bad intentions." Thomas, 317 S.C. at 74-75.

The allegations of abuse of process are contained in paragraph 24 of Ray's "Answer, Counterclaim, and Third Party Complaint:

> 24. In addition to the Plaintiff's bad faith and intended and ensuing injury to Defendant, with the knowing and wilful instigation and complicity of the Third Party Defendant the Plaintiff brings this action for an ulterior purpose and has engaged in further wilful acts of improperly using process and the manipulation of the authority of this Court.

> 25. Respectfully, the Court should dismiss the Plaintiff's Complaint, disallow the relief it demands, award attorney's fees, costs and all attendant expenses to Ray together with damages, punitive damages in a sum set by the jury, and attorney's fees and costs made necessary by the wilful conduct of the Plaintiff and the Third Party Defendant.

As is readily seen, Ray's abuse of process claim is bereft of factual allegations. Specifically, there is no factual allegation concerning an ulterior motive, other than an allusion to undefined bad faith, nor is there any allegation as to any particular act committed by either Stoudemire or Boger unauthorized by the process. This claim lacks the "facial plausibility" required by Iqbal and should be dismissed.

    b. Champerty

Champerty is an English common law doctrine which until recently was recognized in South Carolina.

> Champerty is defined as a bargain by a person with a plaintiff or a defendant for a portion of the matter involved in a suit in the event of a successful termination of the action, which the person undertakes to maintain or carry on at his own expense. State v. Chitty, 17 S.C.L. (1 Bail.) 379, 400 (1830); 14 C.J.S. Champerty and Maintenance § 2 (1991); 14 Am.Jur.2d Champerty and Maintenance § 3 (1964). A champertor is one who purchases an interest in the outcome of a case in which he has no interest otherwise. A champertous agreement is unlawful and void where the rule of champerty is recognized, and the tainted agreement is unenforceable. 14 C.J.S. Champerty and Maintenance § 17; 14 Am.Jur.2d Champerty and Maintenance § 7.

Osprey, Inc. v. Cabana Limited Partnership, 340 S.C. 367, 373, 532 S.E.2d 269 (2000).

Ray alleges that Boger is a "champertor." However, after a lengthy discussion of the history of the doctrine and noting that it had not addressed the doctrine for more than a century, the South Carolina Supreme Court is Osprey "abolish(ed) champerty as a defense." *Id.* at 382. Ray argues that only the use of champerty as a defense has been abolished, and, therefore, he should be allowed to proceed with his claim.

The undersigned disagrees. All of the discussion in Osprey relates to the doctrine of champerty as a defense against agreements that offend public policy. There is no mention that champerty is, or has ever been, a cause of action under South Carolina law (or under English common law) in the decision. Ray has cited no cases which support his argument that he can maintain a claim against Boger for champerty.

The undersigned concludes that in addition to the required lack of factual allegations, Ray's claim for champerty lacks facial plausibility because no such claim exists under South Carolina law. Therefore, it is recommended that this claim be dismissed.

### Conclusion

After reviewing the record and fully considering all the arguments contained in the memoranda, it is recommended that the motions to set aside default and to dismiss the claims of

7

abuse of process and champerty be **granted.**



_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

August 2, 2010

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).