```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF SOUTH CAROLINA
            COLUMBIA DIVISION
```

| | |
|---|---|
| JAMIE E. STOUDEMIRE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:09-2485-CMC -JRM |
| ) | |
| v. ) | |
| ) | |
| BRANCH BANKING & TRUST ) | |
| BANKCARD CORPORATION, ) | |
| BRANCH BANKING & TRUST, ) | |
| J. WILLIAM RAY, ) | |
| ) | |
| Defendants, ) | OPINION AND ORDER |
| ) | |
| J. WILLIAM RAY, ) | |
| ) | |
| Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BRIAN L. BOGER, ) | |
| ) | |
| Third Party Defendant. ) | |
| _____ ) | |

This matter is before the court on multiple interrelated motions. The motions and rulings are set out below:

(1) Third-Party Defendant Brian L. Boger's ("Boger") motion to dismiss third-party claims (Dkt. No. 16), granted;

(2) Plaintiff-Counterclaim Defendant Jamie E. Stoudemire's ("Stoudemire") motion to set aside default (Dkt. No. 21), granted; and

(3) Defendant-Counterclaim/Third-Party Plaintiff J. William Ray's ("Ray") motion to amend/correct answer, counterclaims and third- party complaint (Dkt. No. 33), denied.

**BACKGROUND**

The first two of the above motions were referred to the Magistrate Judge for a report and recommendation ("Report") and are now before the court for review. The Magistrate Judge recommended that both of these motions be granted. Ray filed a response to the Report, noting objections to the recommendation that Boger's motion to dismiss be granted, particularly to the extent the Report fails to recommend that the dismissal be without prejudice to amendment of the answer, counterclaim and third-party complaint. Ray also addresses Stoudemire's motion for relief from default but does not raise any objection to the recommendation that this motion be granted.

In addition to his response to the Report, Ray filed a separate motion to amend his answer, counterclaim and third-party complaint. Because of its interrelationship with the other motions, the court also addresses this motion.

**DISCUSSION**

**I. Motions Addressed by Report**

As noted above, the motions to dismiss and for relief from default were referred to the Magistrate Judge for a Report. The recommendations contained in the Magistrate Judge's Report have no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

**Motion for Relief from Default as to Counterclaim.** Ray addresses but does not object to the recommendation that Stoudemire be relieved from default as to the counterclaim. The court has, therefore, reviewed this recommendation for clear error. Finding none, the court adopts the Report both as to its reasoning and recommendation and relieves Stoudemire from default.[1]

**Motion to Dismiss Third-Party Claims.** In light of Ray's objections, the court has conducted a *de novo* review of the Report to the extent it addresses Boger's motion to dismiss the third-party claims.[2] Having done so, the court concludes that the third-party claims, as currently plead, are deficient for the reasons set forth in the Report. The court, therefore, adopts both the Report's reasoning and recommendation that the third–party claims be dismissed.

This leaves the question of whether the dismissal should be with or without prejudice, a matter not expressly addressed by the Report. As to this issue, the court agrees with Ray that the dismissal should be without prejudice. The court has, therefore, considered Ray's motion to amend on its merits below.

The court also notes, *sua sponte*, the inherent inconsistency of allowing Ray's cause of action for abuse of process to survive as a counterclaim against Stoudemire when the same claim is dismissed as a third-party claim against Boger.[3] This is because the defects noted in this cause

---

[1] Stoudemire has already filed a reply to the counterclaim, albeit belatedly. *See* Dkt. No. 22.

[2] Ray asserts two third-party claims: the first for abuse of process (also asserted as a counterclaim against Stoudemire); and the second for champerty (asserted solely against Boger).

[3] In his belated reply, Stoudemire included a defense of failure to state a claim upon which relief may be granted. Dkt. No. 22 (second defense). No separate motion has, however, been filed.

of action are the same whether considered as a counterclaim against Stoudemire or a third-party claim against Boger. The court, therefore, concludes that Ray's abuse of process cause of action should also be dismissed to the extent asserted as a counterclaim against Stoudemire for the same reasons and to the same extent that it is dismissed as a third-party claim against Boger. Thus, this dismissal is without prejudice, leaving the court to consider the motion to amend both as it relates to the counterclaim and third-party claims.[4]

## II.    Motion to Amend

Ray filed a motion to amend on August 16, 2010, concurrently with his objection to the Report. Dkt. No. 33. This motion comes almost eleven months after suit was filed (*see* Dkt. No. 1 (filed September 22, 2009)), and nearly nine months after Boger filed his motion to dismiss (*see* Dkt. No. 16 (filed November 24, 2009)). Although Ray previously argued that he should be allowed to amend in the event Boger's motion to dismiss was granted (*see* Dkt. No. 23 at 9), he did not, at that time, file a motion to amend or include any discussion of what, if any, changes he might make to cure the alleged deficiencies. Despite Ray's delay in moving to amend despite notice of the opposing parties' concerns, the court will consider Ray's motion to amend on the merits.[5]

The motion to amend is considered under the liberal standard of Rule 15(a) of the Federal Rules of Civil Procedure which provides that the court should "freely give leave [for amendment] when justice so requires." Whether "justice so requires" depends on considerations such as whether (1) there has been undue delay in seeking the amendment, (2) the motion is pursued in bad faith or

---

[4] This treatment of Ray's abuse of process cause of action (dismissing it both as a counterclaim and a third-party claim) is consistent with Ray's motion to amend which does not suggest any intent to limit his repleading to the third-party claims.

[5] Because the motion is found futile on its face, the court does not defer for further briefing.

4

with dilatory motive, (3) the amendment is futile, or (4) the amendment would result in undue prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

For present purposes, the court will assume without deciding that the first, second and fourth factors favor amendment. The court, nonetheless, denies amendment because it would be futile. In reaching this conclusion, the court notes that, even now, Ray has failed to provide the court with proposed language for the amended counterclaim and third-party claims. Instead, he asks that the court issue an order:

> 1. Allowing Ray to amend his currently filed responsive pleading to allege additional facts, to cure alleged defects in the pleading, and to more clearly specify claims and defenses that are integral and necessary to the complete disposition of the above captioned action; and
>
> 2. Allowing Ray to more properly label Counterclaims/Third Party claims that are compulsory, necessary and proper to the determination of the subject action.

Dkt. No. 33 at 1.

In support of this request, he addresses the issues of prejudice and delay (issues the court, for present purposes, assumes favor amendment), and gives the following indication of what the amended claims would or would not contain:

> 1. Ray has conceded that portions of his responsive pleading have been mislabeled and that, in his haste to file, factual allegations may have been inadvertently jumbled and less-than-clearly asserted, all with the absence of any bad faith.
> \* \* \*
> 3. Amendment would not be a futile exercise but would, instead, allow Ray to adequately address the stated concerns of existing parties expressing concern regarding insufficient or unclear factual allegations.
> \* \* \*
> 5. . . . [B]y the amendment requested, Ray seeks only to clarify the claims already pled along with supportive factual allegations in order to cure the defects of his pleading as asserted by opposing parties.

5

Dkt. No. 33 at 2.

Whether Ray's motion to amend is considered alone or together with his objection memorandum (*supra* n. 5), it fails to provide sufficient factual detail to cure the deficiencies noted in the Report. Most critically, Ray has failed to explain how the factual allegations contained in the present complaint (or any predicted by any other document) would support either an abuse of process cause of action against Stoudemire (counterclaim) and Boger (third-party claim), or a proposed, "relabeled" conspiracy or barratry claim against Boger (or Boger and Stoudemire, if such an expansion is intended).[6] Moreover, while recasting a claim for champerty as a claim for barratry may constitute a simple relabeling, any attempt to recast the claim as one for civil conspiracy cannot fairly be said to constitute mere relabeling.

Under these circumstances, the court concludes that the proposed amendment is futile and, therefore, denies Ray's motion to amend.

## CONCLUSION

For the reasons set forth above, Boger's motion to dismiss and Stoudemire's motion for relief from default are granted and Ray's motion for leave to amend is denied. The court also extends the ruling as to Boger's motion to dismiss to preclude the counterclaim against Stoudemire

---

[6] Although Ray argues that he does not intend to assert new claims, only to relabel them, he has separately suggested that he intends to replead his third-party claim for champerty as either a claim for barratry or civil conspiracy. *See* Dkt. No. 32 (objection) at 5 (stating in his objection memorandum that the "overall allegations of his pleading more properly support a claim for civil conspiracy or barratry than the now disfavored champerty defense"). To the extent a claim for barratry is intended, it could only be asserted against Boger, an attorney. A claim for civil conspiracy, on the other hand, could arguably be asserted against both Boger and Stoudemire. Ray's assurance that he only intends to clarify and relabel his claims, however, would be inconsistent with extending a cause of action which was previously asserted only as a third-party claim against Boger to also allege a second counterclaim against Stoudemire.

6

which is also, hereby, dismissed. The matter is again referred to the Magistrate Judge for further proceedings.

    IT IS SO ORDERED.

                                        s/ Cameron McGowan Currie
                                        CAMERON MCGOWAN CURRIE
                                        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 31, 2010