IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| JAMIE E. STOUDEMIRE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-2485-CMC-JRM |
| | ) | |
| v. | ) | |
| | ) | |
| BRANCH BANKING & TRUST | ) | |
| BANKCARD CORPORATION, | ) | |
| BRANCH BANKING & TRUST, | ) | |
| J. WILLIAM RAY, | ) | |
| | ) | |
| Defendants, | ) | OPINION AND ORDER |
| | ) | ON MOTION TO RECONSIDER |
| J. WILLIAM RAY, | ) | (Granted in Part and Denied in Part) |
| | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN L. BOGER, | ) | |
| | ) | |
| Third Party Defendant. | ) | |
| _____ | ) | |

This matter is before the court on motion of Defendant, Counterclaimant, and Third Party Plaintiff, J. William Ray ("Ray"), to alter or amend the order entered August 31, 2010. Specifically, Ray challenges the dismissal of his counter and third-party claims, which he suggests were denied through application of an improper standard of review, and the denial of his motion to amend to cure whatever deficiencies the court perceived in these claims. Ray also assets that dismissal of the counterclaim against Stoudemire was improper given that Stoudemire did not file a motion to dismiss.

**STANDARD**

Ray specifically relies on Rules 59(e) and 60(b) in seeking reconsideration. Rule 59 motions to alter or amend a judgment are disfavored. The Fourth Circuit recognizes only three limited grounds for a district court's grant of a motion under Rule 59(e) of the Federal Rules of Civil Procedure: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. *Id.* (citing *Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). As Ray's motion does not suggest the presence of either the first or second basis for reconsideration, the court assumes that he relies on the third prong.

Although all parties and their counsel are shown to have received a copy of this motion through the court's electronic filing system, no responses have been filed. The court, therefore, reviews Ray's motion based solely on the other parties' earlier submissions.

**DISCUSSION**

**Reconsideration of Dismissal.** To the extent Ray seeks reconsideration of the dismissal of his two third-party claims against Boger, his motion is denied.[1] The claims asserted did not satisfy the relevant standards for the reasons explained in the Report and this court's order adopting it.

Ray's motion to reconsider dismissal of his sole counterclaim against Stoudemire rests on somewhat different grounds because this dismissal was, in some respects, *sua sponte*. As Ray notes,

---

[1] The court dismissed the third–party claims against Boger, as well as the counterclaim against Stoudemire, without prejudice, allowing the court to consider Ray's then-pending motion to amend on its merits. The latter was denied based on a finding of futility. Thus, the ruling that Ray could not file an amended answer, counterclaim and third-party complaint was distinct from the dismissal ruling.

2

Stoudemire did not file a motion to dismiss prior to the court's dismissal of the counterclaim. Stoudemire did, however, include a second defense in his belated answer in which he asserted that the "[c]ounterclaims fail to state a cause of action upon which relief may be granted." Dkt. No. 20. While not asserted as a motion, this defense rests on Rule 12(b)(6) of the Federal Rules of Civil Procedure, the same rule on which Boger's earlier-filed motion to dismiss was founded.[2] Moreover, Boger's motion addressed deficiencies in Ray's abuse of process claim which was asserted jointly against Boger and Stoudemire (as a third-party claim and counterclaim, respectively).[3]

Thus, while Stoudemire did not file a motion to dismiss, he did, through his belated reply, indicate an intent to defend, in part, based on an assertion that the claim or claims against him failed under Rule 12(b)(6). Moreover, his attorney, albeit only as third-party defendant and through independent counsel, not as counsel for Stoudemire, had presented persuasive arguments as to why the abuse of process claim failed to satisfy this standard. Under these circumstances, the court considered it a waste of judicial resources to require filing of a separate motion to dismiss.

---

[2] Boger initiated this action as counsel for Stoudemire. Dkt. No. 1. The third-party claim against Boger and the counterclaim against Stoudemire were asserted through the same pleading, Ray's Answer, Counterclaim and Third-Party Complaint. Dkt. No. 8. Both an answer and a motion to dismiss Ray's third-party complaint were filed on Boger's behalf on November 24, 2009, by separate counsel. Dkt. Nos. 15, 16. Boger did not, however timely answer or file a motion to dismiss on behalf of his client, Stoudemire. Ray sought entry of default against Stoudemire on December 4, 2009. Dkt. No. 20. Four days later, Stoudemire filed a motion to set aside default as well as an answer (or reply) to the counterclaim(s) asserted against him. Dkt. No. 21, 22. No separate motion to dismiss was, however, filed at any point prior to entry of the court's order of August 31, 2010.

[3] In his present motion, Ray clarifies that he did not and does not intend to assert but one counterclaim against Stoudemire, a counterclaim for abuse of process. The same claim was asserted jointly against Stoudemire and Boger.

On reconsideration, the court concludes that this may have been error and, therefore, modifies its prior ruling as it relates to the counterclaim against Stoudemire. In reaching this conclusion, the court has considered Stoudemire's failure to file any opposition to Ray's motion to reconsider.

**Motion to Amend**.

Before addressing Ray's motion to amend in its prior order, the court determined that dismissal of Ray's counter and third-party claims should be without prejudice. The court then addressed whether his motion to amend should be granted, assuming without deciding that three of the four relevant factors favored allowing the amendment. Dkt. No. 34 at 4-5 (addressing four factors in *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Ultimately, however, the court determined that the amendment would be futile and rested the denial of the motion to amend solely on this ground.[4]

In reaching this determination, the court noted that Ray had failed to offer a proposed amended pleading setting forth allegations so that the court might determine their viability. Dkt. No. 34 at 5 ("In reaching this conclusion, the court notes that, even now, Ray has failed to provide the court with proposed language for the amended counterclaim and third-party claims."). The order concluded, in relevant part, as follows:

> Whether Ray's motion to amend is considered alone or together with his objection memorandum (supra n. 5), it fails to provide sufficient factual detail to cure the deficiencies noted in the Report. Most critically, Ray has failed to explain how the factual allegations contained in the present complaint (or any predicted by any other

---

[4] Ray's present arguments suggest a belief that the court relied, in part, on considerations of prejudice and delay in denying the motion to amend. *See* Dkt. No. 35 at 5. He also suggests a belief that the court considered futility in deciding the motion to dismiss (as opposed to the motion to amend). In both respects, Ray misapprehends the basis of the earlier rulings.

> document) would support either an abuse of process cause of action against Stoudemire (counterclaim) and Boger (third-party claim), or a proposed, "relabeled" conspiracy or barratry claim against Boger (or Boger and Stoudemire, if such an expansion is intended). Moreover, while recasting a claim for champerty as a claim for barratry may constitute a simple relabeling, any attempt to recast the claim as one for civil conspiracy cannot fairly be said to constitute mere relabeling. Under these circumstances, the court concludes that the proposed amendment is futile and, therefore, denies Ray's motion to amend.

Dkt. No. 34 at 6-7. Beyond clarifying that he does not intend to seek relief from Stoudemire under any conspiracy claim, nothing in Ray's motion to alter or amend addresses any of these concerns.

Ray has repeated the same error in his present motion, as he has provided neither a proposed amended pleading nor any detail as to the factual allegations which might be added to cure the deficiencies which led to dismissal of his earlier pleading. More critically, as this is a motion to alter or amend, he fails to direct the court to any earlier-filed document which provides such information. This leaves the court with no basis on which to determine that Ray might be able to cure the deficiencies in his initial counterclaim and third-party claim. Thus, the court denies the motion to alter or amend to the extent it relates to denial of Ray's motion to amend his third-party claims.

With respect to the counterclaim, the motion to alter or amend is granted in part in light of the court's reinstatement of the counterclaim against Stoudemire. Stoudemire is now free to seek dismissal if he believes it appropriate. Ray, by the same token, is now free to move to amend his earlier counterclaim to the extent asserted against Stoudemire.[5] The matter is again referred to the Magistrate Judge for further pretrial proceedings including a Report and Recommendation as to such motions if any be filed.

---

[5] Any motion to amend should be filed promptly and should address the concerns raised and deficiencies noted in this order as well as the earlier Report and Recommendation and related order.

5

**CONCLUSION**

For the reasons set forth above, Ray's motion to alter or amend is granted in part and denied in part. The order of August 31, 2010, is modified to limit its ruling as to the motions to dismiss and to amend to Ray's third-party claims against Boger.[6] These claims are dismissed and Ray's motion to amend is denied. Denial of the latter is without prejudice to filing of a new motion to amend as to the single surviving counterclaim against Stoudemire. This matter is again referred to the Magistrate Judge.

  IT IS SO ORDERED.

                 s/ Cameron McGowan Currie
                 CAMERON MCGOWAN CURRIE
                 UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 25, 2010

---

[6] Thus, the enumerated rulings on the first page of the order remain same. The third item is, however, now without prejudice to a motion to amend the counterclaim. Dkt. No. 34 at 1. This is not, however, a predetermination that such a motion will be considered timely or should be granted. The court withdraws its prior "extension" of the ruling as to Boger's motion to dismiss to the counterclaim against Stoudemire. Dkt. No. 34 at 6.