**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | | |
|---|---|---|
| JAMIE E. STOUDEMIRE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-2485-CMC -JRM |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| J. WILLIAM RAY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Jamie E. Stoudemire ("Stoudemire"), alleges that Defendant, *pro se* attorney, J. William Ray ("Ray") violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.,* in connection with the attempt to collect a debt on a credit card issued by Branch Banking & Trust (BB&T).

Presently before the Court is Ray's motion for summary judgment on that claim. Stoudemire has filed a memorandum in opposition to the motion and Ray has filed a reply.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). A fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. Anderson, 477

U.S. 242 at 248. "Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985).

The defendant "bears the initial burden of pointing to the absence of a genuine issue of material fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). If defendant carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." Id. at 718-19 (citing Anderson, 477 U.S. at 247-48).

"[O]nce the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). The party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (1) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (2) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c) (1)(A-B).

Unsupported hearsay evidence is insufficient to overcome a motion for summary judgment. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547 (5th Cir. 1987) and Evans v. Technologies Applications & Servs. Co., 80 F.3d 954 (4th Cir. 1996). If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the

fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e)(1-4).

Review of the record reveals the following facts:

1. On November 7, 2001, Claire A. Dorais ("Dorais") of BB&T's Recovery Department assigned the account of Stoudemire and his wife Shannon Bellamy ("Bellamy") to Ray for collection. The balance on the account at the time was $7,675.03. (Ray Aff., Ex. A).

2. Ray filed suit in Lexington County and copies of the Summons and Complaint were served on Stoudemire and Bellamy. On January 12, 2002, Ray wrote letters to Stoudemire and Bellamy concerning the collection case and attached a "Fair Debt Collection Practices Act Notice" to each letter. (Ray Aff., Ex. C).

3. Stoudemire defaulted and judgment was entered on January 17, 2002 for the amount of the debt, plus costs, prejudgment interest and attorney's fees, a total of $9,520.55.[1] Statutory interest on the judgment commenced on that date. (Ray Aff., Ex. D).

4. There is no record that Ray took any action to collect the judgment.

5. Unbeknownst to Ray, Stoudemire began making payments directly to BB&T on the debt in 2008. A BB&T statement dated October 20, 2008 shows a balance of $5,317. (Pl.Mem., Ex. 1).

---

[1] Bellamy was dismissed as a party to the action on December 19, 2001 upon motion of Ray because she had filed for bankruptcy.

6. Apparently Stoudemire decided to buy (or refinance) a house in early 2009 and the judgment against him became an issue in the application process. An attorney for Stoudemire contacted Ray on February 20, 2009 and requested "the total amount to release the judgment." (Ray Aff., Ex. E).

7. Ray responded to the attorney showing the amount of the original judgment plus interest, a total of $18,820.65. (Ray Aff., Ex. F).

8. On February 23, 2009, Bellamy (by then Shannon Stoudemire) wrote Ray advising him that she had been given a payoff of $5,117 by BB&T. (Pl.Mem., Ex. 4).

9. Ray contacted Dorais and learned that Stoudemire had been making payments directly to BB&T. (Ray Aff., ¶ 6).

10. Ray did not respond to Bellamy or Stoudemire. On February 24, 2009, Ray notified Stoudemire's attorney that he had recalculated the payoff and giving Stoudemire credit for the payments made directly to BB&T the balance was $16,810.09. (Ray Aff., Ex. G).

11. On March 5, 2009, Stoudemire's attorney contacted Ray in an attempt to compromise the amount. (Ray Aff., Ex. H).

12. Ray responded to Stoudemire's attorney on March 11, 2009, confirming the $16,810.09 payoff,[2] but stating he was authorized to accept $14,500. (Ray Aff., Ex. I).

---

[2] In this correspondence Ray indicated that Stoudemire and Bellamy actually owed two debts to BB&T, the judgment debt and a smaller debt.

13. On March 18, 2009, Ray again contacted Stoudemire's attorney and, as he had in all previous correspondence, admonished that Stoudemire and Bellamy not contact BB&T directly. (Ray Aff., Ex. J).

**Discussion**

Stoudemire alleges that Ray violated the FDCPA by failing to give him a Validation of Rights Notice as required by 15 U.S.C. § 1692g and by misrepresenting the debt in violation of 15 U.S.C. § 1692e. Ray asserts that he is entitled to summary judgment based on the FDCPA statute of limitations and that he is not a debt collector as defined by the act. Ray also argues that he is entitled to judgment on the merits.

1. Statute of Limitations

The FDCPA provides that "(a)n action to enforce any liability created by this subchapter may be brought in an appropriate United States District Court...within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Stoudemire does not dispute the original debt. His claims are based on the "new disputed debt" from the communications in 2009. Since the statute of limitations begins to run when a communication is sent in violation of the FDCPA (Akalwadi v. Risk Management Alternatives, Inc., 336 F.Supp.2d 492, 501 (D.Md. 2004)), the statute of limitations was not violated with respect to communications made in 2009. Ray is not entitled to summary judgment on this basis.

2. Debt Collector

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against

5

debt collection abuses." 15 U.S.C. § 1692(e) (emphasis added). The FDCPA defines a "debt collector" as:

> any person who uses any instrumentality or interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).

The FDCPA applies only to "debt collectors" as that term is defined in the statute, and creditors, mortgagors, and mortgage servicing companies are not debt collectors under the FDCPA and are therefore exempt from liability under the FDCPA. *See* Scott v. Wells Fargo Home Mortgage. Inc., 326 F.Supp.2d 719, 717-718 (E.D.Va.2003) (Creditors, mortgagors, and mortgage servicing companies are not debt collectors and are exempt from liability under the FDCPA); Davis v. Dillard Nat'l Bank, No. 02-546, 2003 WL 21297331, at * 4 (M.D.N.C. June 4, 2003) ("Crediting institutions, such as banks, are not debt collectors under [the FDCPA] because they collect their own debts and are in the business of lending money to consumers").

Ray asserts that he was not a "debt collector" as defined by the FDCPA, because "(b)y BB&T's required arrangement, [he] became an owner of subject debt, [and] ceased to be a "debt collector" once the judgment was entered. (Def.Mem, p. 5). Ray cites MacDermid v. Discover Financial Services, 488 F.3d 721, 735 (6th Cir. 2007) as precedent. However, that case simply holds that one acting to collect his own debt is not a "debt collector" as defined by the FDCPA. There is no evidence in the record concerning "BB&T's required arrangement" and none of the exhibits indicate that Ray became an owner of the debt. Ray is not entitled to summary judgment on this basis.

3. Validation of Rights Notice and Misrepresentation of the Debt

Stoudemire alleges that Ray violated the FDCPA in two ways. First he alleges that Ray failed to provide a Validation of Rights Notice in his 2009 communications. Second, Stoudemire alleges that Ray misrepresented the amount of the debt in those same communications.

The FDCPA provides that "(w)ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall...send the consumer a written notice" containing specific information about the debt and advising the consumer that he has 30 days to dispute the validity of the debt. 15 U.S.C. § 1692g. Ray appears to have complied with this section in his correspondence with Stoudemire and Bellamy in January of 2002, and Stoudemire makes no argument that the notice was not received or was deficient at that time. Instead, Stoudemire argues that there was a new debt in 2009, and Ray was required to send a second Validation of Rights at that time. Stoudemire cites no authority for this proposition.

The FDCPA also provides that "[a] collector may not use any false, deceptive, or misleading representation in the connection with the collection of any debt." 15 U.S.C. § 1692e. A false representation of "the character, amount, or legal status of any debt" is specifically actionable. 15 U.S.C. § 1692e(2)(A). Stoudemire argues that Ray misrepresented the amount of the debt in his 2009 correspondence because the debt Ray stated in his correspondence was higher than the balance quoted by BB&T.

Ray is entitled to summary judgment on these claims because all of his 2009 communications were with attorneys, and none were sent directly to Stoudemire. *See* Guerrero v. RJM Acquisitions, LLC, 499 F.3d 926, 939 (9th Cir. 2007) (the FDCPA "applies to conduct aimed at a debtor himself regardless of whether he has retained counsel. We merely hold that when the debt collector ceases

contact with the debtor, and instead communicates exclusively with an attorney hired to represent the debtor in the matter, the Act's strictures no longer apply to those communications"). The record in this case shows that in 2009, Ray had no communication directly with Stoudemire, but only with attorneys representing Stoudemire in connection with a proposed real estate transaction. For this reason, Ray is entitled to summary judgment.

## Conclusion

Based on the foregoing, it is recommended that Defendant Ray's motion for summary judgment be **granted**.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

February 9, 2012

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).