IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JAMIE E. STOUDEMIRE, ) | |
| ) | Civil Action No. 3:09-2485-CMC-JRM |
| Plaintiff, ) | |
| ) | OPINION AND ORDER ON |
| v. ) | MOTION FOR SUMMARY JUDGMENT |
| ) | |
| J. WILLIAM RAY, ) | |
| ) | |
| Defendant.[1] ) | |
| _____) | |

This matter is before the court on motion for summary judgment filed by Defendant J. William Ray ("Ray"). For reasons set forth below, the motion is granted. This resolves both claims asserted by Plaintiff, Jamie E. Stoudemire ("Stoudemire") against Ray. *See* Dkt. No. 41 ¶¶ 52-61 (amended complaint asserting two causes of action against Ray for violation of Sections 1692e and 1692g of the Fair Debt Collections Practices Act 15 U.S.C. §§ 1692 ("FDCPA")). Two counterclaims asserted against Stoudemire remain for trial.[2]

---

[1] This caption reflects the only parties remaining in this action. Third-party claims against Plaintiff's attorney, Brian Boger, Esquire ("Boger") were dismissed by order entered August 31, 2010. Dkt. No. 34 at 3-4 (granting motion to dismiss third-party claims for abuse of process and champerty); *see also id.* at 5 (finding amendment would be futile, in part because Ray had neither offered a proposed amended answer and counterclaims nor specified what amendments would be included); Dkt. No. 36 (denying motion to reconsider as to third-party claims). Plaintiff voluntarily dismissed his claims against a number of "bank" Defendants in February and September of 2011. Dkt. No. 43 (dismissing Defendant BB&T Corporation Holding Company on February 23, 2011); Dkt. No. 59 (dismissing Defendants Branch Banking & Trust, Branch Banking & Trust Bankcard Corporation, BB&T Financial FSP on September 30, 2011). This left only the claims against and counterclaims by Ray.

[2] To avoid confusion at trial, the court includes a short history of Ray's counterclaims against Stoudemire. Ray's original answer asserted a single counterclaim (for abuse of process) against Stoudemire. Dkt. No. 8 ¶¶ 24-25. The same allegations were asserted as a third-party claim against Boger. *Id.* Because the basis for dismissing this third-party claim against Boger applied equally to Stoudemire, the court initially dismissed the counterclaim with the third-party claim. Dkt. No. 34 at 3-4 (*see supra* n.1). On motion for reconsideration, the court reinstated the counterclaim

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). On February 9, 2012, the Magistrate Judge issued a Report recommending that Ray's motion for summary judgment be granted, resolving both claims asserted against Ray. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. No objections have been filed and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

---

against Stoudemire concluding that the counterclaim should not have been dismissed *"sua sponte"* but noting that Stoudemire could seek dismissal on the grounds successfully advanced by Boger and Ray could seek to amend to address noted deficiencies. Dkt. No. 36 at 5 (entered October 25, 2010). Stoudemire did not, however, move to dismiss. Neither did Ray seek to amend.

A little over three months later, Stoudemire filed an amended complaint joining two new parties. Dkt. No. 41 (filed February 2, 2011). This filing provided Ray the opportunity to reassert his original abuse of process counterclaim (expanding the allegations from two to fourteen paragraphs) and add a conspiracy counterclaim against Stoudemire. Dkt. No. 46 ¶¶ 55-72. Stoudemire filed a reply to the counterclaim, but has neither moved to dismiss or for summary judgment. Both counterclaims, therefore, remain for trial.

2

instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the rationale and conclusions of the Report. Specifically, the Report recommended summary judgment be denied to the extent Ray relied on the statute of limitations or definition of debt collector. Dkt. No. 65 at 5-6. It recommended summary judgment be granted to the extent Ray relied on his lack of direct communication with Stoudemire. *Id.* at 7 ("Ray is entitled to summary judgment on these claims because all of his 2009 communications were with attorneys, and none were sent directly to Stoudemire."). Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order and grants Ray's motion for summary judgment as to both claims.

As noted above, the grant of summary judgment leaves two counterclaims for trial. These counterclaims will be set for trial during the term of court which begins with jury selection on May 17, 2012.

IT IS SO ORDERED.

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
March 8, 2012